## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| SANDRA LOYD, | ) |
| Plaintiff, | ) |
| v. | ) |
| FERGUSON SUPER SERVICE;<br>THE CITY OF FERGUSON;<br>THE FERGUSON POLICE DEPARTMENT;<br>POLICE CHIEF TOM MOONIER;<br>SERGEANT CRAIG RETTKE;<br>DETECTIVE TIM ALLEN;<br>DETECTIVE MARK LEONE;<br>LIEUTENANT RAYMOND NABZDYK, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Cause No. |
| Defendants. | ) Division No. |
| Serve: Ferguson Super Service<br>Registered Agent: Douglas Linville<br>1803 Chambers Road<br>St. Louis, MO 63136 | ) |
| Serve: City of Ferguson<br>Mayor Bryan P. Fletcher<br>110 Church Street<br>Ferguson, MO 63135 | ) |
| Serve: City of Ferguson Police Department<br>Chief Tom Moonier<br>Sergeant Craig Rettke<br>Detective Tim Allen<br>Detective Mark Leone<br>Lieutenant Raymond Nabzdyk<br>Mayor Bryan Fletcher<br>222 South Florissant Road<br>Ferguson, MO 63135 | ) |





1

## PETITION

## COUNT I

## MERCHANDISE PRACTICES ACT

COMES NOW Plaintiff and for Count I of her Petition against Defendant, Ferguson Super Service states as follows:

1. Plaintiff, Sandra Loyd, is an individual who does and did at all relevant times reside in the County of St. Louis, State of Missouri.

2. Defendant, Ferguson Super Service, is a corporation, limited liability company, or other business association with its principal place of business in the County of St. Louis and is a citizen of Missouri.

3. Defendant, City of Ferguson, is a City and a municipality of the State of Missouri and Defendant, City of Ferguson Police Department is, and was at all relevant times, an agency in the State of Missouri authorized to appoint, enroll and employ a permanent police force in the City of Ferguson, Missouri.

4. Defendant, Sergeant Craig Rettke, is, and was at all relevant times, a resident and citizen of the State of Missouri.

5. Defendant, Detective Tim Allen is, and was at all relevant times, a resident and citizen of the State of Missouri.

6. Defendant, Detective Mark Leone is, and was at all relevant times, a resident and citizen of the State of Missouri.

7. Defendant, Lieutenant Raymond Nabzdyk is, and was at all relevant times, a resident and citizen of the State of Missouri.

2

8. At all relevant times, Plaintiff, Sandra Loyd was the registered owner of a 1994 Ford Explorer automobile, V.I.N. 1FMCU22X4RUE71464.

9. Plaintiff, Sandra Loyd, regularly used and was the primary driver of the 1994 Ford Explorer.

10. On or about September 25, 2006, Sergeant Rettke of the City of Ferguson Police Department ordered Douglas Linville of Ferguson Super Service to tow the Ford Explorer from Sandra Loyd's private property without cause or Sandra Loyd's permission or authorization.

11. That the Ford Explorer was towed during the investigation of an unrelated shooting on the street in front of Sandra Loyd's property.

12. That Defendant, Detective Tim Allen, failed to mention the towing of Sandra Loyd's Ford Explorer in his investigative police report number 6-18063-Original.

13. That Defendant, Detective Mark Leone, failed to mention the towing of Sandra Loyd's Ford Explorer in his investigative police report number 6-18063-Original.

14. That Defendant, Lieutenant Raymond Nabzdyk, reviewed and approved police report number 6-18063-Original, knowing that the order to tow Sandra Loyd's vehicle from her private residence was left out of said police report.

15. That Defendant, Detective Mark Leone, failed to include in his police report 6-18063-Supplement #2, any mention of the towing of Sandra Loyd's vehicle.

16. That Defendant, Sergeant Craig Rettke, reviewed and approved the police report 6-18063-Supplement #2 knowing that Defendant, Detective Mark Leone, failed to mention the towing of Sandra Loyd's Ford Explorer.

17. That on or about September 25, 2006, Ferguson Super Service towed Sandra Loyd's 1994 Ford Explorer.

3

18. That Sandra Loyd did not consent to the towing.

19. That the towing was unauthorized.

20. That the towing of Sandra Loyd's vehicle was against her will.

21. That Sandra Loyd's vehicle was properly licensed, insured, and on her driveway which is located at her residence and private property. According to R.S.Mo. 304.155.6, any law enforcement officer who authorizes a towing company to remove a vehicle must submit a crime inquiry and inspection report to the Director of Revenue.

22. That the Crime Inquiry and Inspection Report/Authorization to Tow was signed by Sergeant Rettke of the Ferguson City Police Department.

23. That the same report was also signed by Doug Linville of Ferguson Super Service. That the Crime Inquiry and Inspection Report\Authorization to Tow Form 4569 was not property submitted to the Department of Revenue.

24. That R.S.Mo. 304.155.6(6) requires the Crime Inquiry and Inspection Report to include a reason for the towing.

25. That the Crime Inquiry and Inspection Report/Authorization to Tow Form 4569 did not include the required reason for towing.

26. That there has never been a reason to tow included on any police report.

27. That there has never been an allegation that the property was abandoned on the Form 4569. That the Ford Explorer was never alleged to be abandoned property or named as abandoned property on any police report.

28. That Sandra Loyd's Ford Explorer was not abandoned property.

4

29. That at no time did anyone from the City of Ferguson or the Ferguson Police Department ever notify Sandra Loyd of who was towing her Ford Explorer, or where her vehicle was being towed to.

30. That in due course, Plaintiff, Sandra Loyd, reported to the Ferguson City Police that her vehicle was missing and not returned.

31. That Plaintiff, Sandra Loyd, periodically requested information leading to the whereabouts of her Ford Explorer, and was continually denied the requested information.

32. That the Ferguson City Police Department continually refused to provide to Plaintiff, Sandra Loyd, the information leading to the whereabouts of her vehicle until after Ferguson Super Service sold her vehicle.

33. That in due course, Plaintiff, Sandra Loyd, made demands for the return of the vehicle and information leading to the whereabouts of the Ford Explorer.

34. That Defendant, Ferguson Super Service, failed to notify Sandra Loyd of their possession and location of her Ford Explorer.

34. That Defendant, Ferguson Super Service, applied for and received a salvaged title to Sandra Loyd's Ford Explorer. That after receiving the salvaged title, Ferguson Super Service sold her Ford Explorer.

35. That R.S.Mo. 304.156.1 requires a towing company in possession of a vehicle in which they are claiming a lien for recovering, towing or storing the property, shall give notice to the title owner by certified mail, return receipt requested.

36. That Ferguson Super Service did not send notice to Plaintiff, Sandra Loyd, of their possession of her Ford Explorer as required by R.S. Mo. 304.156.1.

5

37. That Plaintiff, Sandra Loyd, never received or signed receipt for certified mail or any notice contained therein, as required by R.S.Mo. 304.156.1.

38. That if the required notice sent by the required certified mail is not received by the intended recipient, R.S.Mo. 304.156.7(8) requires a lien holder applying to the Director of Revenue for a certificate to include a copy of the certified mail envelope or mailing container showing the address and postal markings indicating that the notice was "not forwardable" or "address unknown."

39. That Ferguson Super Service, in their application for the salvaged title to the Ford Explorer, sent a certified mail receipt to the Director of Revenue that did not bear a signature, or any postal markings indicating that the notice was not forwardable or address unknown.

40. That at all relevant times during the tow, applications for salvaged title, and sale of the Ford Explorer, Plaintiff, Sandra Loyd, always resided at 450 South Dade in Ferguson, Missouri.

41. That on the Crime Inquiry and Inspection Report/Authorization to Tow Form 4569, comments were handwritten on the form stating that the vehicle was in rough physical condition, with flat tires and multiple dents, scratches and rust.

42. That Sandra Loyd's 1994 Ford Explorer was completely operational and without dents, rust, scratches or flat tires.

43. There was, at all relevant times, a statue in effect in Missouri known as the Merchandise Practicing Act, Section 407.010 et. seq. R.S.Mo., which reads as follows in pertinent part:

**407.010. Definitions**

As used in Section 407.010 to 407.130, the following words and terms mean:

6

(4) **"Merchandise"**, any objects, wares, goods, commodities, intangibles, real estate or services.

(5) **"Person"**, any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or *cestui que* trust thereof;

**407.020. Unlawful practices, penalty--exceptions**

1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri, is declared to be an unlawful practice .... Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

**407.025. Civil action to recover damages--class actions authorized, when--procedure**

1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class, and the petition shall allege such facts as will show that these persons or the named defendants specifically named and served with process have been fairly chosen and adequately and fairly represent the whole class, to recover damages as provided for in subsection 1 of this section. The plaintiff shall be required to prove such allegations, unless all of the members of the class have entered their appearance, and it shall not be sufficient to prove such facts by the admission or admissions of the defendants who have entered their appearance. In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

44. Defendant, Ferguson Super Service, individually and/or in combination with others, violated the Missouri Merchandising Practicing Act during the period set out above in one or more of the following respects:

(a) It used or employed deception, false pretense, and unfair concealment and omission by failing to give Plaintiff, Sandra Loyd, the legally required reason for towing.

(b) It used or employed unfair practice and a concealment, suppression, and omission of the whereabouts and location which they possessed and held Sandra Loyd's 1994 Ford Explorer.

(c) It used or employed unfair practice by concealment and/or suppression of the legally required notice by certified mail in which the State of Missouri requires to be sent to the title owner of the vehicle before applying for said salvaged title.

(d) It used or employed concealment and suppression by failing to send the Department of Revenue the legally required copy of the envelope or mailing container showing the address and postal markings indicating that the notice was "not forwardable" or "address unknown", or signature of the recipient.

(e) It engaged in or used an unconscionable act by violating R.S.Mo. 304.156.7(5) in its application for a salvaged title to Plaintiff and title owner, Sandra Loyd's 1994 Ford Explorer.

(f) It engaged or used an unconscionable act and employed unfair practice by selling Sandra Loyd's 1994 Ford Explorer for personal gain, profit, and unjust enrichment.

(g) It conspired and acted with the City of Ferguson Police Department to deprive Plaintiff of her property and her rights under the Constitution and/or laws of the United States and/or the State of Missouri.

45.   As the direct and proximate result of the conduct mentioned above, Plaintiff was deprived of the use, possession, and value of the Ford Explorer; Plaintiff was required to pay $1,500.00 for legal fees in an effort to recover the vehicle; and/or Plaintiff suffered her loss of time, effort, humiliation and emotional distress.

46.   The actions of Defendant set out above were willfully done with the knowledge or reasonable expectation that such actions would cause harm or injury to others, they were outrageous, the result of Defendant's evil motive, reckless indifference, complete indifference and/or conscious disregard for the rights of Plaintiff and others similarly situated.

WHEREFORE, Plaintiff prays for actual damages in excess of $25,000.00, statutory or nominal damages, punitive or compensatory damages in an amount sufficiently large to deter Defendant and others, reasonable attorney's fees, and their costs.

## COUNT II

## CONVERSION

COMES NOW Plaintiff and for Count II of her Petition against Defendant, Ferguson Super Service, states as follows:

47.   Plaintiff repeats, realleges and incorporates by reference herein Paragraphs 1 through 46 of Count I of her Petition the same as if each were set out here word for word.

48.   Defendant converted the property of Plaintiff by refusing to return it to her upon demand.

49.   Defendant at all times refused to alert or give notice to Plaintiff, Sandra Loyd, of the location and whereabouts of her Ford Explorer.

50. Defendant also converted the property of Plaintiff by applying for and receiving a salvaged title on Sandra Loyd's Ford Explorer without following the legal procedures as required by Section 304.156.7 R.S.Mo., and Section 304.156.3 R.S.Mo.

51. As the direct and proximate result of the conduct mentioned above, Plaintiff was deprived of the use, possession, and value of the Ford Explorer; Plaintiff was required to pay $1,500.00 for legal fees in an effort to recover the vehicle; and/or Plaintiff suffered her loss of time, effort, humiliation and emotional distress.

52. The actions of Defendant set out above were willfully done with the knowledge or reasonable expectation that such actions would cause harm or injury to others, they were outrageous, the result of Defendant's evil motive, reckless indifference, complete indifference and/or conscious disregard for the rights of Plaintiff and others similarly situated.

WHEREFORE, Plaintiff prays for actual damages in excess of $25,000.00, statutory or nominal damages, punitive or compensatory damages in an amount sufficiently large to deter Defendant and others, reasonable attorney's fees, and their costs.

## COUNT III

### NEGLIGENCE

COMES NOW Plaintiff and for Count III of her Petition against Defendant, Ferguson Super Saver, states as follows:

53. Plaintiff repeats, realleges and incorporates by reference herein Paragraphs 1 through 46 of Count I of the Petition, and Paragraphs 47 through 52 of Count II of the Petition the same as if each were set out here word for word.

10

54. Defendant failed to use the appropriate degree of care under the circumstances and so was negligent in one or more of the following respects in that it failed to notate a reason for removal of the vehicle on the Form 4569/Crime Inquiry and Inspection Report/Authorization to Tow, as required by Sections 304.155 R.S.Mo. and 304.157 R.S.Mo.; failed to correctly describe the condition of the vehicle on the Form 4569/Crime Inquiry and Inspection Report/Authorization to Tow; removed, towed, and took away Sandra Loyd's 1994 Ford Explorer from her driveway located at her residence and private property against her will, consent, or authorization; failed to notify Sandra Loyd of the location and whereabouts of her 1994 Ford Explorer; failed to notify Sandra Loyd of the Application for Salvaged Title and Form 4577 as required by Section 304.156.1 R.S.Mo.; failed to send a copy of a proper certified mail receipt with the Application for Title as required by Section 304.156.7 R.S.Mo.; failed to notify Plaintiff, Sandra Loyd, of the sale of her 1994 Ford Explorer.

55. As the direct and proximate result of the conduct mentioned above, Plaintiff was deprived of the use, possession, and value of the Ford Explorer; Plaintiff was required to pay $1,500.00 for legal fees in an effort to recover the vehicle; and/or Plaintiff suffered her loss of time, effort, humiliation and emotional distress.

56. The actions of Defendant set out above were willfully done with the knowledge or reasonable expectation that such actions would cause harm or injury to others, they were outrageous, the result of Defendant's evil motive, reckless indifference, complete indifference and/or conscious disregard for the rights of Plaintiff and others similarly situated.

WHEREFORE, Plaintiff prays for actual damages in excess of $25,000.00, statutory or nominal damages, punitive or compensatory damages in an amount sufficiently large to deter Defendant and others, reasonable attorney's fees, and their costs.

11

## COUNT IV

## CONSPIRACY

COMES NOW Plaintiff and for Count IV of her Petition against Defendants, the City of Ferguson, the Ferguson Police Department, Police Chief Tom Moonier, Sergeant Craig Rettke, Detective Tim Allen, Detective Mark Leone, and Lieutenant Raymond Nabzdyk, states as follows:

57.    Plaintiff repeats, realleges and incorporates by reference herein Paragraphs 1 through 46 of Count I of the Petition; Paragraphs 47 through 52 of Count II of the Petition, and Paragraphs 53 through 56 of Count III of the Petition, the same as if each were set out here word for word.

58.    There was at relevant times a conspiracy, joint venture or common course of action between or among Defendants, Ferguson Super Service and Defendants, The City of Ferguson, The Ferguson Police Department, Police Chief Tom Moonier, Sergeant Craig Rettke, Detective Tim Allen, Detective Mark Leone, and Lieutenant Raymond Nabzdyk, which would in turn demand, receive and keep vehicles towed from the rightful owners of those vehicles, apply for and receive salvaged titles in their own names without giving notice to or receiving authorization from the rightful owners of those vehicles, and received and kept money collected from the sale or other disposition of such vehicles, including money which otherwise should have been received by the rightful owners of those vehicles; and refusing to return vehicles to the rightful owners and/or give information leading to the whereabouts and location of those vehicles.

59.    As the direct and proximate result of the participation of Defendants, Ferguson Super Service and Defendants, The City of Ferguson, The Ferguson Police Department, Police

Chief Tom Moonier, Sergeant Craig Rettke, Detective Tim Allen, Detective Mark Leone, and Lieutenant Raymond Nabzdyk, in the conspiracy, joint venture or course of action mentioned above, Plaintiff suffered the injuries and damages set out above.

WHEREFORE, Plaintiff prays for actual damages in excess of $25,000.00, statutory or nominal damages, punitive or compensatory damages in an amount sufficiently large to deter Defendant and others, reasonable attorney's fees, and their costs.

## COUNT V

### Section 1983

COMES NOW Plaintiff and for Count V of her Petition against Defendants, Ferguson Super Service, The City of Ferguson, The Ferguson Police Department, Police Chief Tom Moonier, Sergeant Craig Rettke, Detective Tim Allen, Detective Mark Leone, and Lieutenant Raymond Nabzdyk, states as follows:

60. Plaintiff repeats, realleges and incorporates by reference herein Paragraphs 1 through 46 of Count I of the Petition; Paragraphs 47 through 52 of Count II of the Petition, Paragraphs 53 through 56 of Count III of the Petition, and Paragraphs 57 through 59 of Count IV of the Petition, the same as if each were set out here word for word.

61. Defendants, the City of Ferguson and the Ferguson Police Department were, at all relevant times, acting under color of State law pursuant to the custom or official policy of the Police Force.

62. Defendants, Sergeant Craig Rettke, Detective Tim Allen, Detective Mark Leone, and Lieutenant Raymond Nabzdyk, were, at all relevant times, the agents, servants and employees of Defendants, City of Ferguson, and/or Defendant, Ferguson Police Department, acting within the course and scope of their agency, service and employment.

13

63. Defendants, Sergeant Craig Rettke, Detective Tim Allen, Detective Mark Leone, and Lieutenant Raymond Nabzdyk, were, at all relevant times, acting under color of law.

64. On the day of the events of September 25, 2006, Defendants, the City of Ferguson, the Ferguson Police Department, Sergeant Craig Rettke, Detective Tim Allen, Detective Mike Leone and Lieutenant Raymond Nabzdyk, all were taking part in the authorization and/or order to have Ferguson Super Service tow Sandra Loyd's 1994 Ford Explorer against her consent, authorization and will.

65. That the above-mentioned Defendants ordered and/or authorized the omission of the towing of Sandra Loyd's 1994 Ford Explorer, or any mention thereof, from the police report.

66. That the above-mentioned Defendants ordered and/or authorized the omission of the required reason to tow Sandra Loyd's 1994 Ford Explorer from the Form 4569.

67. That upon numerous requests and demands by the Plaintiff, Sandra Loyd, requesting information leading to the whereabouts of her 1994 Ford Explorer, Defendants, the City of Ferguson and City of Ferguson Police Department refused to supply Plaintiff with the requested information.

68. Plaintiff, Sandra Loyd, retained an attorney to assist with the recovery of the vehicle.

69. In the course, Plaintiff, Sandra Loyd, demanded the return of her vehicle.

70. There was, at all relevant times, a statute in effect 42 U.S.C. §1983 *et seq* which reads in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution, and laws, shall be liable to the party injured in an action at law ... for redress ...

42 U.S.C. §1983.

71. The actions of Defendants as described herein constituted or were the result of:

   (a) The execution of the custom or official policy of Defendants City of Ferguson and/or Ferguson Police Department with respect to the dealings of the City of Ferguson Police Department with Ferguson Super Service;

   (b) The failure of Defendants to properly train police officers with respect to dealings with Ferguson Super Service; and/or

   (c) The failure of Defendants to properly monitor and supervise their conduct and the conduct of other police officers.

72. The actions of the Defendants as described herein constitute a deprivation of Plaintiff's federally-protected rights, including those guaranteed by the Fourteenth Amendment, in that:

   (a) Plaintiff has been deprived of her property, the 1994 Ford Explorer, for over nearly three years from September 25, 2006, to the present without due process and without just cause or excuse;

   (b) Plaintiff was forced to retain and pay for the services of an attorney in order to investigate the owning, taking, location, conversion, and sale of her 1994 Ford Explorer.

73. As the direct and proximate result of the conduct mentioned above, Plaintiff was deprived of the use, possession, and value of the Ford Explorer; Plaintiff was required to pay $1,500.00 for legal fees in an effort to recover the vehicle; and/or Plaintiff suffered her loss of time, effort, humiliation and emotional distress.

15

74. The actions of Defendants set out herein were willfully done with the knowledge or reasonable expectation that such actions would cause harm or injury to others, they were outrageous, the result of Defendant's evil motive, reckless indifference, complete indifference and/or conscious disregard for the rights of Plaintiffs and others similarly situated.

WHEREFORE, Plaintiff prays for actual damages in excess of $25,000.00, statutory or nominal damages, punitive or compensatory damages in an amount sufficiently large to deter Defendant and others, reasonable attorney's fees, and their costs.

## COUNT VI

## CONSPIRACY

COMES NOW Plaintiff and for Count VI of her Petition against Defendant, Ferguson Super, states as follows:

75. Plaintiff repeats, realleges and incorporates by reference herein Paragraphs 1 through 46 of Count I of the Petition; Paragraphs 47 through 52 of Count II of the Petition, Paragraphs 53 through 56 of Count III of the Petition, Paragraphs 57 through 59 of Count IV of the Petition, and Paragraphs 60 through 74 of Count V of the Petition, the same as if each were set out here word for word.

76. There was at relevant times a conspiracy, joint venture or common course of action between or among Defendant, Ferguson Super Service, which would in turn demand, receive and keep vehicles towed from the rightful owners of those vehicles, apply for and receive salvaged titles in their own names without giving notice to or receiving authorization from the rightful owners of those vehicles, and received and kept money collected from the sale or other disposition of such vehicles, including money which otherwise should have been received by the

rightful owners of those vehicles; and refusing to return vehicles to the rightful owners and/or give information leading to the whereabouts and location of those vehicles

77. As a direct and proximate result of the participation of Defendant, Ferguson Super Service, in the conspiracy, joint venture or common course of action mentioned above, Plaintiff suffered the injuries and damages set out above.

WHEREFORE, Plaintiff prays for actual damages in excess of $25,000.00, statutory or nominal damages, punitive or compensatory damages in an amount sufficiently large to deter Defendant and others, reasonable attorney's fees, and their costs.

        NIEDNER, BODEUX, CARMICHAEL,
        HUFF, LENOX AND PASHOS, L.L.P.
        131 Jefferson Street
        St. Charles, Missouri 63301
        (636) 949-9300 Telephone/(636) 949-3141 Fax
        Attorneys for Plaintiff

By _____
      BRADLEY R. BODEUX #60455